UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
BOGDAN BAGINSKI,

                Plaintiff-Petitioner,                      MEMORANDUM AND ORDER
                                                                     19-CV-5633 (RPK)

  -against-

MONTY WILKINSON, Acting U.S. Attorney
General; DAVID PEKOSKE, Acting Secretary of
the Department of Homeland Security; TRACY
RENAUD, Acting Director of U.S. Citizenship
and Immigration Services; LEE F. BOWES,
Acting New York District Director, U.S.
Citizenship and Immigration Services; U.S.
DEPARTMENT OF HOMELAND SECURITY;
U.S. CITIZENSHIP AND IMMIGRATION
SERVICES,

                Defendants-Respondents.
---------------------------------------------------------------X
RACHEL P. KOVNER, United States District Judge:

      Plaintiff Bogdan Baginski filed this action seeking judicial review of the denial of his Form N-400 Application for Naturalization ("N-400") by U.S. Citizenship and Immigration Services ("USCIS"). Plaintiff names as defendants USCIS, the Department of Homeland Security, Acting U.S. Attorney General Monty Wilkinson, Acting Secretary of the Department of Homeland Security David Pekoske, Acting Director of USCIS Tracy Renaud, and Acting New York District Director for USCIS Lee F. Bowes. Defendants have filed a motion to dismiss the complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim under Rule 12(b)(6). As explained below, 8 U.S.C. § 1429 of the Immigration and Nationality Act ("INA") precludes the Court from granting the relief that plaintiff requests. This suit is accordingly dismissed without prejudice for failure to state a claim.

**BACKGROUND**

The following allegations are taken from the complaint and accepted as true for the purposes of this order. Plaintiff is a native and citizen of Poland who has resided in the United States for over 20 years. *See* Compl. ¶ 2 (Dkt. #1). He first entered the United States in 1991 on a B-2 visa. *See id.* ¶ 9. In 1995, he left to visit family in Canada. About four months later, he attempted to re-enter the United States without inspection. *See ibid.* Plaintiff was apprehended and placed into deportation proceedings. *See ibid.* In 1997, plaintiff was granted voluntary departure in lieu of a deportation order. After multiple extensions, plaintiff was ordered to depart voluntarily by October 8, 1998. *See id.* ¶ 10.

Shortly after plaintiff was granted voluntary departure, he filed a Form I-485 Application to Register Permanent Residence or Adjust Status with the Immigration and Naturalization Service ("INS")—the agency then responsible for naturalization proceedings. *See ibid.*; *see also id*. Exs. A, E. On October 1, 1998, while plaintiff's application for adjustment of status was still pending, plaintiff's former counsel requested a further extension of plaintiff's voluntary departure date. *See id.* ¶ 12 & n.1; *id.* Ex. C. Plaintiff never received a response to that request, but he did not leave the country by October 8. *See id.* ¶ 12 n.2. On December 1, 1998, notwithstanding plaintiff's failure to depart, the INS recommended that plaintiff's application for adjustment of status be approved. *See id.* ¶ 14; *id.* Ex. E. Plaintiff alleges that the INS informed his former counsel that plaintiff's departure was no longer necessary. *See id.* ¶ 14.

In 2016, plaintiff filed a Form N-400 Application for Naturalization. *See id.* ¶ 16. USCIS denied that application in October 2018 on the ground that plaintiff had failed to depart by his voluntary departure date in October 1998. *See id.* ¶ 17. USCIS concluded that because of plaintiff's failure to depart, the grant of voluntary departure "became an order of deportation in the

2

alternate." *Ibid.*; *id.* Ex. F. It reasoned that because plaintiff had been "ordered deported" by the time that his application for adjustment of status was approved in December 1998, the INS had lacked the authority to approve the application. *See id.* ¶ 17; *id.* Ex. F. USCIS reaffirmed the denial of plaintiff's application for naturalization after a hearing. *See id.* ¶¶ 18-19; *id.* Ex. G.

In October 2019, plaintiff filed this action seeking judicial review of USCIS's decision under the Immigration and Nationality Act, 8 U.S.C. § 1421(c), and the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2). *See* Compl. ¶¶ 22-34. About seven weeks later, in November 2019, USCIS started removal proceedings against plaintiff, charging him under 8 U.S.C. § 1227(a)(1) with being an alien who was inadmissible at the time he obtained lawful residence. *See* Decl. of Sheldon A. Smith, Ex. A (Dkt. #14-2). Defendants have moved to dismiss the complaint. *See generally* Defs.' Mem. of L. in Supp. of Mot. to Dismiss (Dkt. #14). For the reasons below, defendants' motion is granted and the action is dismissed without prejudice for failure to state a claim.

## DISCUSSION

Defendants' motion to dismiss the complaint for failure to state a claim is granted. Plaintiff argues that he has stated a claim for relief under a provision of the INA codified at 8 U.S.C. § 1421(c). That provision states that "[a] person whose application for naturalization is denied, after a hearing before an immigration officer . . . may seek review of such denial before the United States district court." But Second Circuit case law makes clear that Section 1421(c) does not permit the Court to grant plaintiff relief under these circumstances.

The court of appeals addressed the circumstances in which Section 1421(c) permits a district court to review a denial of naturalization in *Ajlani v. Chertoff*, 545 F.3d 229 (2d Cir. 2008). There, the court of appeals concluded that a district court may not grant naturalization under

Section 1421(c) to an applicant against whom removal proceedings are pending. *See id.* at 238-41. The court reached that conclusion based on 8 U.S.C. § 1429, which provides that "no application for naturalization shall be considered by the Attorney General if there is pending against the applicant a removal proceeding pursuant to a warrant of arrest issued under the provisions of this chapter or any other Act."[*] 545 F.3d at 236 (quoting 8 U.S.C. § 1429). While Section 1429 speaks of the authority of "the Attorney General," the court of appeals concluded that Section 1429 also limits judicial authority under Section 1421(c), because "district court authority to grant naturalization relief while removal proceedings are pending cannot be greater than that of the Attorney General." *Id.* at 240. Accordingly, the court of appeals held, Section 1429 "circumscribe[s] the availability of effective remedies" under Section 1421(c) and "limits the courts' authority to grant naturalization" under that provision. *Id.* at 238-39. The court therefore upheld the district court's dismissal of Ajlani's case "for failure to state a claim upon which naturalization relief could be granted while removal proceedings were pending." *Id.* at 241. Since *Ajlani*, courts in this circuit have held that a plaintiff cannot state a claim for relief under 8 U.S.C. § 1421(c) while removal proceedings are pending against him. *See, e.g.*, *Rodriguez v. Holder*, No. 11-CV-2124, 2014 WL 6983401, at *2 (E.D.N.Y. Dec. 10, 2014); *Ortiz v. Chertoff*, No. 8-CV-3030, 2009 WL 2486007, at *1-*2, *5 (S.D.N.Y. Aug. 14, 2009).

Plaintiff does not persuasively distinguish *Ajlani*. Plaintiff argues that *Ajlani*'s holding does not reflect the best reading of the relevant statutes. *See* Pl. Mem. of L. in Opp'n to Mot. to Dismiss at 4-6, 9-12, 14-16 ("Pl.'s Br.") (Dkt. #14-3). But district courts are bound by circuit authority. Plaintiff also suggests that *Ajlani* does not control because plaintiff's application for

---

[*] USCIS has interpreted "a warrant of arrest" to include "a notice to appear" in removal proceedings, 8 C.F.R. § 318.1. It is undisputed that a notice to appear was issued against plaintiff. *See* Smith Decl. Ex. A. And plaintiff has not disputed USCIS's construction of "warrant of arrest."

4

naturalization—unlike that of the plaintiff in *Ajlani*—had been decided (through a denial) "before removal proceedings even commenced." Pl.'s Br. 10; *see id.* at 12. But *Ajlani* did not suggest this distinction would be relevant. Instead, the court of appeals held generally that "an alien cannot secure naturalization from either the district court or the Attorney General while removal proceedings are pending." 545 F.3d at 241; *see id.* at 238, 239. And the court of appeals made clear that this limitation on judicial authority applies even where, as here, "removal proceedings were initiated after plaintiff filed for judicial relief." *Id.* at 238.

Plaintiff argues that notwithstanding *Ajlani*, this Court may issue a declaratory judgment that he is "*prima facie* eligible for naturalization." Pl.'s Br. at 16, 17. But the Second Circuit has made clear that courts may not opine on applicants' eligibility for naturalization in that way. The court stated in *Ajlani* that it was "adopting the reasoning" of a Ninth Circuit decision concluding that when an applicant was in removal proceedings, a district court could neither "review [the applicant's] naturalization application" nor "declare the applicant eligible for naturalization but for removal proceedings." 545 F.3d at 239-41 (discussing *Bellajaro v. Schiltgen*, 378 F.3d 1042, 1047 (9th Cir. 2004)). The Second Circuit has similarly stated that under *Ajlani*, district courts are "barred from considering naturalization applications while removal proceedings are pending." *Perriello v. Napolitano*, 579 F.3d 135, 142 (2d Cir. 2009). Granting a declaratory judgment concerning plaintiff's eligibility for naturalization would be inconsistent with that guidance. *See ibid.*; *see also Moya de Leon v. Napolitano,* No. 10-CV-6176, 2011 WL 1990876 at *3 (S.D.N.Y. May 23, 2011) (dismissing a claim for declaratory relief under Section 1421(c) on the ground a district court may not consider naturalizations while removal proceedings are pending, and "'considering an application' is a 'prerequisite' to determining *prima facie* eligibility for naturalization" (quoting *Perriello*, 579 F.3d at 138)).

5

Plaintiff argues that the government may not "cut off [his] right to judicial review" of his naturalization application by initiating removal proceedings. Pl.'s Br. at 20. Similarly, plaintiff contends that the removal proceedings have no impact on the Court's ability to review his naturalization application because, he alleges, the government was statutorily time-barred from instituting those proceedings in the first place. *See id.* at 22-30 (citing 8 U.S.C. § 1256(a)). But *Ajlani* makes clear that when a plaintiff contends that "the executive [has] initiate[d] removal proceedings to obstruct judicial consideration of naturalization applications," the plaintiff's recourse is to pursue "litigation to terminate unwarranted removal proceedings"—not to seek judicial review of his naturalization application while removal proceedings are ongoing. 545 F.3d at 241. And an action to terminate removal proceedings cannot be brought in the district court. *See* 8 U.S.C. § 1252 ("[N]o court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter."); *see also Ajlani*, 545 F.3d at 235 ("While the statute creates an exception for 'constitutional claims or questions of law,' jurisdiction to review such claims is vested exclusively in the courts of appeals and can be exercised only after the alien has exhausted administrative remedies." (citing 8 U.S.C. § 1252)).

For the reasons set out above, plaintiff has failed to state a claim for which relief can be granted. Plaintiff may refile his request for review of the denial of his naturalization application after removal proceedings have concluded. *Cf. Rodriguez*, 2014 WL 6983401, at *3.

## CONCLUSION

Because the Court lacks the authority to grant plaintiff relief from the denial of his naturalization application while removal proceedings are pending against him, the complaint is dismissed without prejudice.

SO ORDERED.

      /s/ Rachel Kovner
      RACHEL P. KOVNER
      United States District Judge

Dated: January 29, 2021
      Brooklyn, New York